(February 17, 1998)

■ JINARAN LAND CORP., Respondent, v KAMBIZ SHAHBAZI et al., Appellants, et al., Defendants. [667 NYS2d 902] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about April 8, 1997, which, to the extent appealed from, granted plaintiff's motion to reargue, and upon reargument, vacated that part of the order of said court and Justice entered on or about September 29, 1995 dismissing the ninth cause of action in the amended complaint alleging violation of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 et seq. [RICO]), unanimously affirmed, with costs.

Plaintiff's motion to reargue and renew was properly granted, though the court erroneously characterized it as a grant of reargument rather than renewal, in light of the Federal complaint filed after the initial motion was submitted. Plaintiff sufficiently pleaded a RICO claim with respect to the purchase and sale of land located in Orange County by virtue of the allegations of a "pattern of racketeering activity", including multiple interrelated schemes to defraud over a three-year period with multiple victims, multiple perpetrators, multiple and related predicate acts, continuity and integral elements of mail and wire fraud (see, Moss v Morgan Stanley, 719 F2d 5, 17, cert

*denied sub nom. Moss v Newman*, 465 US 1025). As to defendant Blustein, the complaint did not merely allege that he acted as attorney, but that he was a participant in the activity in his capacity as an officer of several of the corporations utilized in the alleged scheme (*compare, Reves v Ernst & Young*, 507 US 170). We have considered appellants' remaining arguments and find them to be without merit. Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.